IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JERRY NANCE                                                          PLAINTIFF

V.                                              CIVIL ACTION NO.4:10CV32-SA-JAD

CHRISTOPHER EPPS, et al.                                           DEFENDANTS


REPORT AND RECOMMENDATION

On August 11, 2010, the plaintiff, a former inmate with the Mississippi Department of Corrections, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

The plaintiff was hurt while incarcerated in a county jail in Tennessee in September, 2006. Two months later he learned, after being extradited to Mississippi, that his arm was broken.  He testified that the arm required surgical intervention.  Nance testified that he immediately sought and obtained legal counsel.  Documents attached to the complaint confirm that the attorneys had the case for some months prior to the expiration of the statute of limitations.  He and reportedly his attorneys were unsuccessful in obtaining the release of his medical records regarding his post-injury treatment from the Mississippi Department of Corrections.  He testified that his lawyers declined the case because the statute of limitations had expired.

There is a fundamental constitutional right to access to the courts which requires corrections officials to provide either access to law libraries or to assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed. 72 (1977).  However in order to state a claim for relief an inmate must allege that he was prejudiced in pursuing a non-frivolous claim. *Lewis v.*

*Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1995). While the facts in the complaint do not reveal whether or not Nance's underlying Tennessee claim had merit, it is clear that Nance had actual access to counsel in order to pursue the claim. It is also clear that no act or omission by the defendants impaired or impeded the filing of the legal action since the medical records did not have to be obtained in order for the suit to be filed. Based upon his testimony, Nance has been advised that it appears he may have an action for malpractice against the attorneys involved and told that he should seek counsel to pursue these possible claims.

Because no acts or omissions of the defendants impaired Nance's access to the courts or prejudiced his rights, there can be no showing of a violation of his constitutional rights. Accordingly the undersigned recommends that this case be dismissed with prejudice.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 12th day of August, 2010.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE